IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DE'ANDRE HOLDER, III, | ) | CASE NO. 1:16 CV 2718 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CUYAHOGA COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff James De'Andre Holder, III, filed the above-captioned action against the Cuyahoga County Jail, Cuyahoga County Sheriff Clifford Pinkney, Kenneth Mills, Warden Victor McArthur, "A/W Ivey," and Aramark Food Service. In the Complaint, Plaintiff objects to numerous conditions in the county jail and contends they subject him to cruel and unusual punishment. He seeks monetary damages.

### Factual and Procedural Background

Plaintiff simply lists thirteen objections to the conditions of confinement in the jail:

1. Inmates are not offered regular or substitute meal options.
2. Inmates are not eating adequate meals in special housing units.
3. Inmates are not allowed to send certified mail.
4. Inmates are denied the right to be present for all court dates.
5. Inmates are subjected to unstable two man living quarters.
6. There is no law library in the jail.
7. Inmates are sleeping on the floors of single man cells in Jail Two.
8. Inmates have not been granted a guaranteed grievance system.

9. Inmates have no privacy or place to put their shower gear or garments in Jail Two.

10. Food items from the commissary are not properly prepared.

11. Inmates are being confined in two man cells "because of received for filing indictments, not true bills."

12. Nothing in the revised inmate handbook indicates that inmates will be confined to cells other than for head count, shift change, and normal lock down from 10 pm until 7 am.

13. The County is not honoring vegetarian or vegan diets. Plaintiff indicates he has not eaten meat in ten years and his choices are to eat the meal offered, purchase substitute meals through the commissary, or be malnourished.

Plaintiff states he would like the Court to "challenge the County's ways" and compensate him for "pain and suffering, mental anguish, [and] cruel and unusual punishment... ." He seeks compensatory and punitive damages.

Plaintiff submitted a Supplement to his Complaint on December 6, 2016. He indicates his food "has been time and temperature abused" along with every tray served to his housing unit. He contends the jail has yet to wash to the inmates' blankets making them more susceptible to rashes, infections and body odor. He also complains that when he was housed in the jail in 2011, he broke his jaw due to a slip and fall accident.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

-2-

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### Discussion

As an initial matter, Plaintiff does not include any allegations in his Complaint reasonably suggesting any of the individual Defendants were personally responsible for the alleged constitutional violations on his list. Plaintiff cannot establish the individual liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent allegations connecting the Defendants to the specific actions, Plaintiff cannot hold them liable in their individual capacities.

Furthermore, Plaintiff fails to state a claim against them in their official capacities. An official capacity damages action against a state or municipal officer is the equivalent of an action against the public entity he serves. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). The Defendants are all employees of the County. Plaintiff's official capacity claims are therefore asserted against Cuyahoga County.

Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior. Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. Plaintiff does not include sufficient facts to suggest any of the conditions of confinement were the result of a County custom or policy , as opposed to the decisions of individual officers within the jail.

Furthermore, even if these listed conditions could be construed to be the result of policies or customs of the County, Plaintiff still failed to state a claim upon which relief may be granted. First, with the exception of his claim pertaining to vegetarian and vegan meal substitutions, Plaintiff does not allege he has personally experienced these conditions or been directly impacted by them. He lists

-4-

them only as general conditions in the some or all parts of the jail. Claims asserted in a § 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). Plaintiff lacks standing to assert violations of his fellow detainee's constitutional rights. *See Id.*

Moreover, none of the allegations suggest Plaintiff has been subjected to cruel and unusual punishment. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*,463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely

-5-

uncomfortable or which cause aggravation or annoyance.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The conditions Plaintiff lists in his Complaint do not satisfy the objective criteria for an Eighth Amendment claim.  Plaintiff describes inconveniences and discomforts of life in jail; however, none of the conditions listed poses an immediate and serious risk to his health or safety.

Plaintiff complains several times about the lack of choices on the jail menu. While Plaintiff may wish the menu had more variety, the Constitution does not require jail food to be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977).  Indeed, the Sixth Circuit has held that a diet consisting solely of food loaf does not violate the Eighth Amendment when

-6-

nutritional and caloric requirements are met. *See, e.g., Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241 (6th Cir. Oct. 12, 1995). Therefore, the mere fact that Plaintiff may not have received the types of food he desires does not mean that he was subjected to cruel and unusual punishment. *Sims v. Mich. Dep't of Corr.*, 23 Fed. Appx. 214, 216 (6th Cir. Aug. 8, 2001).

Several of Plaintiff's complaints concern placing two inmates in a one man cell. While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Plaintiff does not include factual allegations that suggest he has been deprived of basic sanitation, food, clothing, shelter, and medical care.

Plaintiff also complains the blankets are not washed regularly. While this certainly can create uncomfortable and even odorous living conditions, it does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996)(an odorous cell without amenities, alone, does not violate the Eighth Amendment).

Plaintiff complains that the jail has no guaranteed grievance system. There, however, is no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983).

Plaintiff contends the jail does not have a law library. This claim would arise, if at all, under the Fourteenth Amendment for denial of due process during his criminal trial or under the First Amendment for denial of access to the courts. The Fourteenth Amendment is satisfied if a pre-trial detainee has the assistance of an attorney during the course of his criminal trial. *United States v.*

*Smith,* 907 F.2d 42, 44 (6th Cir. 1990). There is no specific allegation in the Complaint suggesting Plaintiff was denied due process during his criminal proceedings. Moreover, to state a claim for denial of access to the courts, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* Plaintiff must allege facts suggesting the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.* Merely alleging that the jail lacks a law library is not sufficient to state a claim for denial of access to the courts. This same analysis applies to Plaintiff's statement that he has not been permitted to attend all court dates. He does not indicate which court dates he missed, or why he missed them. He fails to demonstrate that he was denied due process or access to the courts.

Plaintiff's other complaints, including the lack of certified mail, lack of privacy, lack of storage for personal items and confinement to cells during times not listed in the handbook, are merely inconveniences and discomforts of jail. They do not rise to the level of an Eighth Amendment violation.

Finally, Plaintiff raises a claim pertaining to a slip and fall accident that occurred when he was held at the jail in 2011. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). This incident took place five years ago, well beyond the expiration of the statute of limitations.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2017

-9-